IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENON A.C.F., | Civil No. 1:26-cv-02961-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART |
| vs. | |
| WARDEN CALIFORNIA CITY DETENTION CENTER, | A# 246-007-811 |
| Respondent. | |

## **ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Zenon A.C.F.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and a

motion for temporary restraining order, Dkt. No. 2 (the "TRO motion").  After the court

granted, Dkt. No. 7, Petitioner's motion for appointment of counsel, Dkt. No. 3, he filed

a supplemental brief in support of his TRO motion, Dkt. No. 12.

Petitioner entered the country in November 2022, and he was arrested by U.S.

Border Patrol.  Dkt. No. 12, at pg. 7.  Petitioner was served with a Form I-862 (Notice to

Appear), and he was released on an Order of Recognizance.  *Id.*  Immigration officers

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

next encountered Petitioner at the Utah County Jail in March 2026, and they detained him.[2]  Dkt. No. 9-1, at pg. 2; Dkt. No. 12, at pg. 6.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates his due process rights.[3]  Dkt. No. 1, at pg. 6.  Petitioner seeks either his immediate release or a bond hearing.  *See* Dkt. No. 2, at pg. 1.

Respondents do not dispute that Petitioner was initially detained in November 2022, then released on an Order of Recognizance.  *See* Dkt. No. 9.  Instead, they argue only that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to a bond hearing.  *Id.* at pg. 1.  This court and many others have rejected Respondents' argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g., Vikrant S. v. Warden of the*

---

[2]  It is not apparent why Petitioner was in jail.  Respondents assert that Petitioner "was arrested and convicted and was serving a term of incarceration when he was encountered in the jail."  Dkt. No. 14, at pg. 1.  Although Petitioner had been convicted of "Fail to Comply Duties at Vehicle Accident/Property Damage," he was ordered only to pay a fine.  Dkt. 9-1, at pg. 2.  And while Petitioner's Form I-213 (Record of Deportable/Inadmissible Alien) reflects that he was also arrested and charged with "Driving Under the Influence" on January 11, 2026, that case was pending as of March 12, 2026, Dkt. 9-1, at pg. 2, and Petitioner's rap sheet indicates that he had no convictions as of April 21, 2026, Dkt. 9-2, at pg. 4.

[3]  Petitioner also argues that: (1) detaining him without a bond hearing violates the Immigration and Nationality Act; (2) he is suffering irreparable harms.  Dkt. No. 1, at pg. 7–8.  Given the relief granted by the court, these claims are DENIED without prejudice.

*Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026).  Indeed, Respondents acknowledge the numerous cases in this district contrary to their position.  Dkt. No. 9, at pg. 2.  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the foregoing, the petition is GRANTED in part as to Ground One, for the reasons set forth in the cases cited above and the many others like them.  Regarding the appropriate remedy, Respondents contend that Petitioner should be granted a bond hearing, not immediate release.  Dkt. No. 14, at pg. 1.  On the facts of this case, the court agrees.  Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

//

//

//

3

Given the foregoing, the TRO motion, Dkt. No. 2, is DENIED AS MOOT.  The

Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 7, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-02961-MWJS; *Zenon A.C.F. v. Warden California City Detention Center*; ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART